### 11651.  Barnes v. The State.

Broyles, C. J.  The verdict was authorized by the evidence, and none
of the special grounds of the motion for a new trial shows reversible
error.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

Decided July 28, 1920.

Accusation of larceny; from city court of Floyd county — Judge
Nunnally.  June 2, 1920.

Jack Barnes was convicted under an accusation of "the offense
of a misdemeanor," alleged to have been committed by unlaw-
fully and fraudulently taking and carrying away $170 in money
of B. S. Riggs with intent to steal it.  Riggs testified that on a
train of the Southern Railway going south from Dalton the de-
fendant and two other men were betting as to the time in which
they could open a certain knife, and one of them asked if he
(Riggs) had $10, and he said "Yes," and, taking it from a roll
of money, "let him have it."  What then occurred was stated
by the witness as follows:  "I had $170 rolled up together.  When
I pulled out the $170 Barnes says, 'I'll put you twenty more
down,' and I says, 'No, I don't gamble, I don't bet;' and he
says, 'It ain't you, it's me.  You will not lose a penny;' and I
was foolish like and laid down the $170.  They started to count
ten and he could not open the knife, and Barnes grabbed up the
whole pile and started back in the sleeper with it.  . . .  I said,
'Stop with my money.'  The stout man said to me, 'You can't
go in that sleeper without you have a ticket.'  . .  I went on to
look for the defendant, but did not see anything of him, and then
I went to the conductor and told him about my money. . . Barnes
got off and went around the depot at Shannon, the other two
got off on the other side of the train and went through the woods;
they ran off.  The conductor took the defendant and brought
him to Rome.  . . I do not bet or gamble, did not lose the
money to him in some sort of a bet.  I just laid it down and he
said I would not lose a penny.  . .  That was at a station north
of here, called Shannon.  The money was in tens and twenties,
mostly twenties. . . The train had blowed for Shannon when
I went for the conductor. . . It was something like a minute
from the time I lost my money until I found the conductor. . .
I didn't let the defendant have that $170 to bet on that trick."

The conductor testified that when Riggs came to him and made the complaint the train was at Pinson in Floyd county, about a mile and a half from Shannon; that Barnes, when arrested, said in the presence of Riggs, that he had gambled with Riggs and won the money fairly, and would use it to pay his fine. It was testified that when Barnes said this, Riggs told Barnes that he (Riggs) was not gambling, and said "You know you are crooks, and one of you says that if ·I would back you, you would win me some money, and I backed you and you took all I had." The defendant, in his statement at the trial, said that Riggs bet with him and lost the money on the bet. The defendant introduced in evidence a petition of Riggs for an injunction to prevent the chief of police of Rome from turning over to Barnes the money taken from Barnes at the time of the arrest. In the petition it was stated, that Barnes "asked petitioner for the money to make said bet; petitioner let said Jack Barnes have $170 in ten and twenty dollar bills, which said Barnes bet on said trick, and when the money was placed on a seat in said car said Jack Barnes with his said two confederates grabbed said money and ran to the sleeper on said train, the said Barnes carrying the said money in his hands," etc.

The special grounds of the motion for new trial were as follows:

"Because, as movant contended on the trial and now contends, the venue of the alleged offense was not sufficiently proved."

The verdict is contrary to law and without evidence to support it, in that the charge is simple larceny, and the evidence, if showing a larceny at all, shows one from the person, and not simple larceny; for, to constitute a larceny, the evidence must show the money still in the control and possession, and so near the person as to be entirely within his control and not out of his possession; if the money had passed actually out of his possession, so that it might become the subject of any larceny other than from the person, then, under the evidence, such passing out of his possession was with his knowledge and consent and not privately done.

The court erred in the following charge to the jury: "There has been some evidence submitted to you, documentary evidence, for the purpose of impeaching the witness Riggs;" the error being in the use of the words "documentary evidence" alone, while

the strongest evidence offered to impeach the witness was oral testimony.

The court erred in charging: "It would be immaterial whether the crime, if there was one, occurred in this county or some other county, if the property was brought into this county by the defendant, and he intended to hold possession of it, this would be the proper venue of the crime." This was error because not a correct statement of law, and further in direct conflict with the former charge of the court that it was incumbent upon the State to show that the crime occurred in this county.

The court erred in charging: "If you find there was any plan, scheme, device, or fraud practiced upon Riggs by the defendant for the purpose of getting possession of this money for the purpose of stealing the same, and the defendant did take and carry it away under those circumstances, he would be guilty." This was error because it made larceny conditioned upon the carrying away of the money, when, as a matter of law, larceny is first a wrongful and fraudulent taking and then carrying away; the wrong and the fraud and the intent to steal applying to the taking, the covering into possession of the defendant the stolen property, and the carrying away being merely evidentiary of the purpose and intent with which the thing was taken.

The court erred in charging: "If there was such a game on, and had not been completed, and he took the money away before it was determined who was the winner, with intent to steal the same, it would still be larceny." This was error because not the law, because it eliminated, from those things necessary for the State to prove, a wrongful and fraudulent taking.

*M. B. Eubanks,* for plaintiff in error.

*J. F. Kelly, solicitor,* contra.